**In re the PEIERLS FAMILY TESTAMENTARY TRUSTS.**

No. 16810–N–VCL.

Court of Chancery of Delaware.

Submitted: Oct. 25, 2012.
Decided: Dec. 11, 2012.

Daniel F. Hayward, Gordon, Fournaris & Mammarella, P.A., Wilmington, Delaware, for Petitioners.

## OPINION

LASTER, Vice Chancellor.

Current beneficiaries of seven testamentary trusts have petitioned for orders (i)

approving the resignations of the individual trustees, (ii) confirming the appointment of Northern Trust Company of Delaware as the successor corporate trustee for each trust, (iii) determining that Delaware law governs the administration of each trust, (iv) confirming Delaware as the situs of each trust, (v) reforming the trusts to modify their administrative provisions and create the positions of Investment Direction Adviser and Trust Protector, and (vi) accepting jurisdiction over the trusts. The petitions are dismissed in deference to the courts which have asserted jurisdiction over and have an ongoing supervisory role with respect to the testamentary trusts. The petitions should be directed to those courts.

## I. FACTUAL BACKGROUND

Petitioners Brian E. Peierls and E. Jeffrey Peierls are brothers. Brian and Jeffrey's father, Edgar S. Peierls, established a pair of trusts in his Last Will and Testament dated June 30, 1960, as modified by First and Second Codicils, each also dated June 30, 1960. Article SIXTH, subdivision (e) creates one trust for Brian's benefit and a second trust for Jeffrey's benefit. This decision will refer to this pair of trusts as the "1960 Trusts."

Brian and Jeffrey's grandmother, Jennie Newgass Peierls, established a second pair of trusts in her Last Will and Testament dated November 18, 1969, as modified by a Codicil dated November 22, 1972. Article FOURTH creates one trust for Brian's benefit and another trust for Jeffrey's benefit. This decision will refer to this pair of trusts as the "1969 Trusts."

Brian's wife, Elizabeth B. Peierls, established three trusts in her Last Will and Testament dated April 4, 2005. Part One, Article Three, Paragraph 3.5 of her will creates a trust known as the By–Pass Trust. Part One, Article Four, Paragraph 4.1 creates two trusts known as Marital Trust No. 1 and Marital Trust No. 2 (together, the "Marital Trusts"). This decision will refer to the three trusts as the "2005 Trusts."

Edgar, Jennie, and Elizabeth are deceased. Brian has two adult sons, Stefan Peierls and Derek Peierls. Jeffrey does not have any children.

Edgar's will appointed as executors and trustees his wife Ethel F. Peierls, his friend Newman Pearsall, and Bankers Trust Company of New York. Article SEVENTH directed that "there shall at all times be one corporate and two individual Executors and Trustees." The current trustees of the 1960 Trusts are Brian, Jeffrey, and Bank of America, N.A., as successor to U.S. Trust Company. Jeffrey is the sole current beneficiary of his 1960 Trust, and Brian is the presumptive remainder beneficiary. Brian, Stefan, and Derek are the current beneficiaries of Brian's 1960 Trust, and Stefan and Derek are the presumptive remainder beneficiaries.

Jennie's will as amended appointed as trustees Jeffrey, Philip J. Hirsch, and Bankers Trust Company of New York. The current trustees of the 1969 Trusts are Jeffrey, Malcolm A. Moore, an attorney and trusted family advisor, and Bank of America, N.A., as corporate successor to U.S. Trust Company. Jeffrey is the sole current beneficiary of his 1969 Trust, Brian is the presumptive remainder beneficiary, and Stefan and Derek are remote contingent beneficiaries. Brian, Stefan, and Derek are the current beneficiaries of Brian's 1969 Trust, Stefan and Derek are the presumptive remainder beneficiaries, and Jeffrey is a remote contingent beneficiary.

Elizabeth's will appointed Brian as the sole trustee of the 2005 Trusts. Brian, Stefan, and Derek are the current beneficiaries of the By–Pass Trust, and Stefan

and Derek are the presumptive remainder beneficiaries. Brian is the sole current beneficiary of the Marital Trusts, and Stefan and Derek are the presumptive remainder beneficiaries.

The petitions aver that the parties with interests in the trusts have become generally unhappy with the level of communication and responsiveness provided by Bank of America. The petitions seek to remove Bank of America as the corporate trustee, appoint Northern Trust as the successor corporate trustee, and reform the wills to create directed trusts.

The proposed changes would alter significantly the structure and administrative schemes of the trusts by converting them to directed trusts. Edgar's and Jennie's wills contemplate that the 1960 and 1969 Trusts each would have three trustees, one institutional trustee and two individual trustees. Elizabeth's will contemplates that the 2005 Trusts would have one trustee. Currently, each trustee must exercise fiduciary judgment over the administration of the trust. The proposed changes would revise each trust to have only a single institutional trustee, who would administer the trust as a directed trust without meaningful responsibility for trust oversight.

## II. LEGAL ANALYSIS

 The trusts are multistate trusts, meaning each is "a trust having significant contacts or relationships with more than one state." George Gleason Bogert, et al., *The Law Of Trusts And Trustees* § 291 [hereinafter Bogert]. Multistate trusts raise complex issues of jurisdiction and choice of law. *See id.* "In determining whether it has jurisdiction to entertain the proceedings and what local law should be applied in resolving the issues, the forum court in which the proceedings are brought must consider the nature and extent of the various contacts which the several states have with the trust." *Id.*

Resolution of the underlying substantive issue before the court should not depend upon "forum shopping" by a plaintiff seeking the most favorable result under the local law of a particular state. Conflict of law rules have been developed in order that the resolution of the controversy will likely be the same regardless of the state in which the proceedings are brought.... [U]niformity of results regardless of the forum tends to lead to predictability in estate planning and in the administration of trusts.... However in many instances the laws of the various states relating to the disposition and administration of property differ significantly.

*Id.* (footnote omitted). The Bogert treatise cites numerous examples of rules regarding the validity, construction, and administration of trusts that differ across various jurisdictions and which could be defeated if courts failed to follow choice of law rules carefully.

 To promote comity and respect for other states' laws, a court presented with issues involving a multistate trust should first decide if it has jurisdiction to resolve the dispute. *Id.* § 292. "Generally, a court has jurisdiction to adjudicate by reason of its relationship to the trust, the trust parties or the trust property which is sufficient to make its decree reasonable and recognized as valid in other states." *Id.* To have the power to adjudicate, a court must have sufficient minimum contacts with the parties or the property that is the subject of their dispute to satisfy the Due Process Clause of the United States Constitution. *See Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "[D]ue process is satisfied by ex-

press consent, since express consent constitutes a waiver of all other personal jurisdiction requirements." *Sternberg v. O'Neil,* 550 A.2d 1105, 1110 (Del.1988).

██ Even if a court has the power to exercise jurisdiction, it may decline to adjudicate a multistate trust matter in deference to another court. *See* Bogert § 292. "For example, another court having continuing supervisory jurisdiction may be a more convenient forum to decide the particular matter, or exercise of the forum court's jurisdiction might constitute an undue interference with primary administration of the trust by the courts of another state." *Id.* "In the case of a trust created by will there may be a statute of the state of the testator's domicile by which the court having jurisdiction over administration of the testator's probate estate retains supervisory jurisdiction over matters relating to administration of the trust, such as settling the accounts of the trustee or the appointment of a successor trustee." *Id.* (footnote omitted). Alternatively,

> [u]nder the "trust entity" theory a testamentary trust is established and remains at the testator's domicile, thereby giving the domiciliary court *in rem* jurisdiction independent and apart from the presence of the trustee, the trust assets or the trust beneficiaries. If a court of the domiciliary state has already assumed jurisdiction, the courts of another state with jurisdiction based upon the situs of trust property or upon the trustee's domicile generally will decline to entertain a proceeding relating to the construction, validity or administration of the trust.

*Id.* (footnote omitted).

In this case, the parties have consented to this Court's jurisdiction. Brian and Jeffrey have invoked it by filing the petitions relating to the 1960 Trusts and the 1969 Trusts, and Brian has done so with respect to the 2005 Trusts. In their capacities as beneficiaries, Stefan and Derek have consented to the Court's jurisdiction for purposes of each petition, as has Moore in his capacity as an individual trustee of the 1969 Trusts. Moore and Jeffrey each filed a written declination of his right to serve as successor trustee of the 2005 Trusts. Northern Trust of Delaware is a Delaware entity and subject to this Court's jurisdiction. Bank of America has not subjected itself to this Court's jurisdiction, but has filed a written acknowledgement of its removal as corporate trustee of the 1960 Trusts and the 1969 Trusts and a written declination of its right to serve as successor trustee of the 2005 Trusts.

██ Although this Court has the power to address the petitions, comity dictates that the Court decline to do so with respect to the 1960 Trusts. Edgar died as a resident of the State of New Jersey, and his will was probated there. The petition relating to the 1960 Trusts avers that New Jersey was the situs of the 1960 Trusts and that New Jersey law has governed the administration of the trusts since their inception. In addition, the 1960 Trusts were the subject of a judgment of the Superior Court of New Jersey, Chancery Division: Essex County, (the "New Jersey Court") approving an intermediate accounting for the 1960 Trusts and granting various other relief, including commissions to the trustees (the "2001 New Jersey Order"). *See* 1960 Trusts Pet. Ex. B. It appears from the 2001 New Jersey Order that there were earlier accountings that were submitted to the New Jersey Court. The fact that the New Jersey Court approved an "intermediate accounting" rather than a "final accounting" indicates that the Court anticipated ongoing jurisdiction over the 1960 Trusts.

The petition relating to the 1960 Trusts avers that the situs of the 1960 Trusts was

recently changed to Delaware pursuant to a certificate issued by the New Jersey Court on September 13, 2012 (the "Certificate"). *See id.* Ex. H. That is not what the Certificate actually says. The document, titled "Succeeding Trustee Short Certificate," simply identifies the trustees who have "accepted the said Trusteeship and is/are duly authorized to execute the said Trust according to law and the terms of said Will." *Id.* The four trustees who are identified are Brian, Jeffrey, Philip J. Hirsch, and Northern Trust. Hirsch is not identified as a trustee in the petition in this Court. Jeffrey is identified in the Certificate as a resident of New Jersey; in the petitions in this Court, he has been identified as a resident of Colorado. Nothing about the Certificate indicates any decision by the New Jersey Court to approve a change of situs or alter the law that governs the 1960 Trusts. To the contrary, the Certificate recites that letters of succeeding trusteeship were granted to each of the four trustees and "have never been revoked and still remain in full force and effect." *Id.*

As explained in the Bogert treatise, and as demonstrated by the 2001 New Jersey Order and the Certificate, the 1960 Trusts remain under the supervision of the New Jersey Court. Rather than seeking rulings from this Court, the relief requested in the petition relating to the 1960 Trusts should be presented to the New Jersey Court. That Court is best situated to determine whether the relief requested would run afoul of or conflict with any substantive or procedural aspect of New Jersey law.

▮▮▮ Comity likewise dictates that this Court decline to address the petition relating to the 1969 Trusts. Jennie died a resident of the State of New York, and her will was probated there. The petition relating to the 1969 Trusts avers that New York was the situs of the 1969 Trusts and that New York law governed the administration of the trusts until 2000. By order dated September 23, 1999 (the "1999 Order"), the Probate Court of Dallas County, Texas (the "Texas Court") accepted jurisdiction over the 1969 Trusts conditioned on an order from a New York court approving the change in situs from New York to Texas. *See* 1969 Trusts Pet. Ex. B. By order dated March 29, 2000, the Surrogate's Court for the State of New York approved the change in situs. *See id.* Ex. C. By order dated May 18, 2001 (the "2001 Order"), the Texas Court decreed that Texas law governs the administration of the 1969 Trusts while New York law continues to govern the disposition of the property of the 1969 Trusts. *See id.* Ex. D.

Under the express language of both the 1999 Order and the 2001 Order, the 1969 Trusts remain subject to the jurisdiction of the Texas Court. This Court takes seriously an order establishing jurisdiction over a trust. In *Bessemer Trust Co. of Del. N.A. v. Wilson,* 2011 WL 4484557, at *1 (Del.Ch. Sept. 28, 2011), the trustee of a Delaware trust invoked just such an order to seek a declaratory judgment that the defendant in a Florida wrongful death action was not a beneficiary of the trust and that the plaintiffs in the Florida lawsuit could not obtain discovery from the trust. This Court declined to stay the Delaware action in favor of the Florida wrongful death action, holding that the Court of Chancery—and not the Florida court—was the proper forum to hear the dispute regarding rights in the trust. Under the *Bessemer* ruling, the petition relating to the 1969 Trusts should be presented to the Texas Court. The Texas Court has stated that it has jurisdiction over the 1969 Trusts, and any request to move the situs of the trusts, change the governing law, or

reform the trusts should be presented to the Texas Court.

 The petition relating to the 2005 Trusts does not provide sufficient information for this Court to proceed further. The petition avers that the Marital Trusts are still being funded from Elizabeth's estate, suggesting that there are still ongoing probate matters or issues of estate administration. The petition does not identify where those matters are taking place, or even where Elizabeth died, although it appears likely that she was a resident of Texas. Because it seems likely that the testamentary trusts created by Elizabeth's will are under the supervision of another state's courts, judicial restraint dictates that this Court decline to act without further information from the petitioner indicating that it would be appropriate for this Court, rather than another state's courts, to consider the petition.

## III. CONCLUSION

The petitions for the 1960 and 1969 Trusts are dismissed without prejudice in deference to the courts of the States of New Jersey and Texas. The petitions should be filed in those jurisdictions, as appropriate. The petition for the 2005 Trusts is dismissed without prejudice because of an insufficient showing for this Court to exercise its jurisdiction. The petition should be filed in the jurisdiction where probate matters are ongoing or refiled with supplemental information in this Court. **IT IS SO ORDERED.**